```
LUBIN & ENOCH, P.C.
Nicholas J. Enoch
State Bar No. 016473
Jarrett J. Haskovec
State Bar No. 023926
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
E-mail: nicholas.enoch@azbar.org
```

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JOSÉ PABLO RODRIGUEZ JUVERA; KENIA V. NUNEZ; RICARDO AGUIAR ROMERO; YESENIA VAZQUEZ DeLABRA; and a class of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VICTOR M. and CARMEN SALCIDO, husband and wife; and FACTOR SALES, INC., an Arizona Corporation,<br><br>Defendants. | No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY** |

**NOW COMES**, the Plaintiffs, José Pablo Rodriguez Juvera ("Plaintiff Juvera"), Kenia V. Nunez ("Plaintiff Nunez"), Ricardo Aguiar Romero ("Plaintiff Romero") and Yesenia Vazquez DeLabra ("Plaintiff Vazquez") (hereinafter collectively referred to as "Plaintiffs") on behalf of them and all others similarly situated, bring this collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"), and, pursuant to this Court's supplemental jurisdiction set forth at 28 U.S.C. §1367, this

putative class action pursuant to the Arizona Wage Act, A.R.S. §23-350, *et seq.*, and the Arizona Minimum Wage Act, A.R.S. §23-363, *et seq.*

**PARTIES**

1. Plaintiffs are current and former cashiers of Defendant Factor Sales, Inc. ("Factor Sales"). Plaintiffs allege that Factor Sales has willfully violated Plaintiffs' right to receive the requisite federal and state minimum wage for covered nonexempt employees. Pursuant to 29 U.S.C. §216(b) and Rule 23, Fed.R.Civ.P., the Plaintiffs also seek to represent all other similarly situated employees who work(ed) at Factor Sales who have not been appropriately paid the requisite minimum wage.[1]

2. Plaintiffs request that they be permitted to serve as representatives of those who will later consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. §216(b) and class action status pursuant to Rule 23, Fed.R.Civ.P.

3. Plaintiff Juvera is a citizen of the United States residing in northern Mexico but working in the United States.

4. Plaintiffs Nunez, Romero and Vazquez all reside in San Luis, Arizona.

---

[1] The Second Circuit's 2011 decision in *Salim Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 18 Wage & Hour Cas. 2d (BNA) 193, 2011 U.S. App. LEXIS 19625, provides a useful illustration of how a hybrid collective/class action like this ought to be administered by the Court.

5.   Plaintiffs presently believe and allege that the class includes approximately one hundred (100) separate individuals who have, during the last three (3) years, worked as cashiers for Factor Sales in southwestern Arizona. Accordingly, joinder of all members of the class would be impracticable.

6.   The claims asserted herein on behalf of the Plaintiffs and the class present questions of law and fact common to the class including, in particular, whether Factor Sales has failed to pay the requisite minimum wage to the cashiers.

7.   The claims of the representative Plaintiffs are typical of the claims of the class.

8.   The Plaintiffs, as representative parties, will fairly and adequately protect the interests of the class.

9.   The prosecution of separate lawsuits by individual members of the class would not only be judicially inefficient but it would create a risk of inconsistent or varying adjudication with respect to individual members of the class which would establish incompatible standards of conduct for Factor Sales.

10.   Defendants Victor M. and Carmen Salcido (hereinafter collectively referred to as "the Salcido Defendants") are now, and at all times relevant hereto have been, husband and wife, constituting a marital community under the laws of the State of Arizona.  The acts engaged in, and the omissions made by, the Salcido Defendants were

performed as agents, and for the benefit, of the marital community.

11. Upon information and belief, the Salcido Defendants are residents of Yuma County, Arizona, and have been for all times relevant to this proceeding.

12. The Salcido Defendants are the principal officers and directors of Factor Sales. In particular, Defendant Victor M. Salcido serves as the company's President, Chief Executive Officer and Director. Likewise, Defendant Carmen Salcido serves as the company's corporate Secretary. In these roles, the Salcido Defendants retain complete control over and responsibility for the operations of Factor Sales including, *inter alia*, hiring and firing employees, supervising and controlling employee work schedules and conditions of employment, determining the rate and method of payment, and maintaining any employment records that may exist.

13. Both of the Salcido Defendants are an "employer" as defined in 29 U.S.C. §203(d) and A.R.S. §§23-350(3) and 362(B).

14. Factor Sales is an Arizona corporation with its main office in San Luis and it is authorized to do business in and is doing business in the State of Arizona.

15. Factor Sales is engaged in commerce or in the production of goods for commerce and/or handle, sell, or otherwise work on goods or materials that have been moved in

or produced for commerce, and the enterprise's annual gross volume of sales or business done is not less than $500,000.

16. Factor Sales is an "employer" as defined in 29 U.S.C. §203(d) and A.R.S. §§23-350(3) and 362(B).

17. Upon information and belief, Factor Sales was not only influenced and governed by the Salcido Defendants, but there is such a unity of interest and ownership that the individuality, or separateness, of Factor Sales and the Salcido Defendants had ceased to exist.

18. Upon information and belief, the facts are such that an adherence to the fiction of the separate existence of Factor Sales and the Salcido Defendants would, under these particular circumstances, sanction a fraud or promote injustice.

**JURISDICTION AND VENUE**

19. As to the First Claim for Relief, *infra*, jurisdiction is proper pursuant to 28 U.S.C. §§1331 and 1337. In addition, this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b).

20. The state law-based claims set forth in the Second and Third Claims for Relief are properly within this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.[2]

---

[2] *See generally*, *Salim Shahriar*, 2011 U.S. App. LEXIS 19625 at *32 (citing legal authority from "our sister circuits in the Seventh, Ninth, and District of Columbia Circuits" the Court "determined that supplemental jurisdiction is appropriate over state labor law class claims in an action where the court has federal question jurisdiction over FLSA claims in a collective action.")

21.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

**GENERAL ALLEGATIONS**

22.  The Plaintiffs and members of the proposed class are (or were) cashiers at various Factor Sales' owned grocery stores located in southwestern Arizona.  By way of example:

    A.  Plaintiff Juvera worked as a cashier for Factor Sales at the time of his termination in August, 2011;

    B.  Plaintiff Nunez worked as a cashier for Factor Sales from December, 2008 until she resigned her employment in October, 2011;

    C.  Plaintiff Romero has worked as a cashier for Factor Sales from July, 2010 through the present date; and

    D.  Plaintiff Vazquez has worked as a cashier for Factor Sales from June, 2011 through the present date.

23.  The grocery store cashiers at Factor Sales are responsible for checking a customer out and bagging their groceries.  They make sure each item is charged correctly and that all items are paid for by the customer.  They are responsible for the cash till and must make sure it balances at the end of his/her shift.  Such duties and responsibilities are common to all such cashiers.

24. On occasion, the cash till for the Plaintiffs and members of the proposed class does not add up correctly. When that happens, the Defendants require the Plaintiffs and members of the proposed class to reimburse Factor Sales for any such shortage.

25. When the error is of the sort that the Plaintiffs and members of the proposed class collect too much money, the Defendants do not permit the Plaintiffs and members of the proposed class to keep the overage nor do they permit them to credit such overages against shortages they may have incurred on other days.

26. The Defendants maintain detailed logs setting forth how much each employee purportedly "owes" the Defendants. Attached hereto as Exhibit A is an example of one such log, dated August 18, 2011, involving, *inter alia*, Plaintiff Vazquez. On these forms, the "Saldo" column sets forth the balance "owed" by each employee, the "Abono" column sets forth the amounts of payments made by each employee, and the "Fecha" column sets forth the date each payment was made. Once the employees pay back their "debt" to Factor Sales, they receive a note stating "FELICIDADES!!!", which in Spanish means "Congratulations!!!"

27. For their work at Factor Sales, the Plaintiffs and members of the proposed class are (or were) paid at, or slightly above, the requisite minimum wage. To illustrate

the point, attached hereto as Exhibit B is a redacted copy of Plaintiff Vazquez's paystub dated August 18, 2011.

28.   When a Plaintiff and member of the proposed class receive their paycheck and they "owe" money to Factor Sales for the reasons set forth in ¶24, *supra*, and ¶32, *infra*, they are required to make a payment to Factor Sales from their earnings.  Upon information and belief, the dates of all of these payments are recorded on receipts such as the one attached hereto as Exhibit C.  Exhibit C, in fact, memorializes Plaintiff Vazquez's $16.69 payment to Factor Sales or on or about August 18, 2011 for "Pago Faltantes", which in Spanish means "missing payment".

29.   As errors of this sort seem to be commonplace at Factor Sales, the cycle set forth in ¶¶ 24 through 28, *supra*, repeats itself over and over.  By way of example, no sooner did Plaintiff Vazquez pay the $16.69 referenced in ¶27, *supra*, when she was informed that she now "owed" an additional $70.36 as set forth on attached Exhibit D.

30.   The legal problem is, however, that once these payments are made to Factor Sales, the Plaintiffs and member of the proposed class are making less than minimum wage.  To illustrate the point, the illegality of this arrangement becomes obvious when one compares attached Exhibits B and C.

31.   Under a long line of established case law, "[d]eductions for cash register shortages resulting from unaccountable circumstances, mathematical errors, and

8

customers leaving without paying checks have been found to be unlawful where those deductions bring the employee's compensation below the minimum wage." The Fair Labor Standards Act §9.VI.D at 9-52 to 9-54 (Ellen C. Kearns ed., 2010). That is precisely what has systematically happened in the case at hand.

32. To make matters worse, the Defendants also charge the Plaintiffs and member of the proposed class twelve dollars ($12.00) for the cost of a second (or more) uniform and five dollars ($5.00) for security badges. In select payroll periods involving particular cashiers, these charges also have the effect of making the employees work below the minimum wage.

33. Under a long line of established legal authority, "it is unlawful for an employer to deduct the cost of a uniform ... from an employee's wages when the deduction reduces the wages of that employee below the minimum." *Id.* at §9.VI.F at 9-57 to 9-59.

34. In addition to the legal problems set forth in ¶¶30 and 32, *supra*, the Defendants' policy of demanding and collecting payments from its employees as a term and condition of their employment also violates, *inter alia*, A.R.S. §§23-202 and 203.

35. Upon information and belief, all of the current and former cashiers have faced one or more of these illegal practices within the past three (3) years.

## FIRST CLAIM FOR RELIEF
### Violation of FLSA Minimum Wage Standard

36. Defendants have willfully failed to pay wages due the Plaintiffs and members of the proposed class in violation of the federal minimum wage law, 29 U.S.C. §206(a). As such, the Plaintiffs and members of the proposed class are entitled to recover all unpaid wages and liquidated damages pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
### Violation of Arizona Minimum Wage Act

37. Defendants have willfully failed to pay wages at the rate of the Arizona Minimum Wage, in violation of the Arizona Minimum Wage Act, codified at A.R.S. §23-363(A). The Plaintiffs and members of the proposed class are entitled to recover the balance of the wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages pursuant to A.R.S. §23-364(G).

## THIRD CLAIM FOR RELIEF
### Violation of Arizona Wage Law

38. Defendants have willfully failed to pay wages to the Plaintiffs and members of the proposed class for labor performed as required pursuant to A.R.S. §23-351[c].

39. The Plaintiffs and members of the proposed class entitled to recover treble the amount of wages unpaid under Arizona law pursuant to A.R.S. §23-355(A).

40. As this Court has concluded previously, the treble damages provision set forth in A.R.S. §23-355(A) may be applied to treble a liquidated damages award received under the FLSA pursuant to this Court's supplemental jurisdiction. *Davis v. Jobs for Progress*, 427 F.Supp. 479, 483 (D. Ariz. 1976).

## **PRAYER**

**WHEREFORE**, Plaintiffs pray that the case be certified as a collective and class action and that the Plaintiffs and each member of the class recover from Defendants the following:

1. An award of unpaid minimum wages in an amount appropriate to the proof adduced at trial;

2. An award of liquidated damages regarding #1, *supra*, in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §§206 and 216(b);

3. An award of an additional amount equal to twice the amount set forth in #1, *supra*, pursuant to A.R.S. §23-364(G);

4. An award of treble the sum of unpaid wages, and liquidated damages set forth in ##2 and/or 3, *supra*, pursuant to A.R.S. §23-355(A);

5. Pre-judgment and post judgment interest on unpaid back wages pursuant to the FLSA[3] and/or A.R.S. §23-364(G);

6. Attorneys' fees pursuant to 29 U.S.C. §216(b) and A.R.S. §23-364(G);

7. Court costs and costs of litigation pursuant to 29 U.S.C. §216(b), A.R.S. §§12-341 and 23-364(G);

8. In the event Defendants fail to satisfy any judgment for Plaintiffs with respect to the Arizona wage claims, an award that Defendants shall pay Plaintiffs an amount which is treble the amount of the outstanding judgment with interest thereon at the then legal rate in accordance with A.R.S. §23-360; and

9. Such other and further equitable relief as the Court deems just.

RESPECTFULLY SUBMITTED this 27th day of October, 2011.

       LUBIN & ENOCH, P.C.

       s/ Nicholas J. Enoch
       Nicholas J. Enoch, Esq.
       Attorney for Plaintiffs

---

[3] *See, e.g., Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986).

12

**JURY DEMAND**

Plaintiffs further demand a trial by jury on all issues in this matter.

RESPECTFULLY SUBMITTED this 27th day of October, 2011.

                                  LUBIN & ENOCH, P.C.

                                  s/ Nicholas J. Enoch
                                  Nicholas J. Enoch, Esq.
                                  Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October, 2011, I electronically transmitted the attached Complaint to the U.S. District Court Clerk's office using the CM/ECF System for filing.


s/Danette Valencia

F:\Law Offices\client directory\UFCW99\014\Pleadings\2010 10 17 complaint.wpd