WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Pablo Rodriguez Juvera, et al.; and a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Victor Salcido, et al.,<br><br>Defendants. | No. CV-11-02119-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Unopposed Motion to Certify Conditionally Collective Action and Class Action (Doc. 50).

**I.     FACTUAL BACKGROUND**

Defendant Factor Sales operates grocery stores under the names King Market, Factor Warehouse, and Del Sol. At least one named Plaintiff worked in each of these stores. Plaintiffs were cashiers at the stores between 2008 and 2012. As cashiers, Plaintiffs allege that they were paid at or slightly above the applicable minimum wage rates. Plaintiffs allege that, when the cash till for Plaintiffs and other cashiers did not add up correctly, as a matter of company policy, Defendant Factor Sales required the cashiers, including Plaintiffs, to reimburse Factor Sales for any shortages and did not give any credit to cashiers for overages. Plaintiffs further allege that Defendant Factor Sales had a policy of requiring Plaintiffs and employees of Factor Sales to pay Defendants for extra uniforms and replacement name or security tags. Plaintiffs allege that, as a result of these

policies, Plaintiffs and other cashiers were, at times, not paid the minimum wage.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint against Defendants in this Court on October 27, 2011. In their Complaint, Plaintiffs allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 206(a) (the "FLSA"), violated the Arizona Minimum Wage Act, Arizona Revised Statutes section 23-363(A), and violated Arizona Revised Statutes section 23-351(c).

After some discovery, the Parties stipulated to refer the case to a magistrate judge for purposes of holding a settlement conference, and if settlement was reached, for overseeing the procedural and logistical aspects of settling a FLSA collective action/Federal Rule of Civil Procedure 23 state law class action. (Doc. 34). The Parties did not stipulate that the Magistrate Judge handle motions related to collective/class certification. (*Id.*). Thereafter, the Court granted the Stipulation and the case was assigned to Magistrate Judge Lawrence Anderson for the purposes of holding a settlement conference and, if settlement was reached, for overseeing the procedural and logistical aspects of settling a FLSA collective action/Federal Rule of Civil Procedure 23 state law class action. (Doc. 35).

Thereafter, Plaintiffs filed a Notice of Settlement with the Court, but indicated that they would still be seeking FLSA and Rule 23 certification as part of the settlement. (Doc. 45).

Plaintiffs now move for FLSA class certification and Rule 23 Class Certification for their state law claims. (Doc. 50). The motion is unopposed. (*Id.*).

## III. FLSA CLASS CERTIFICATION

Pursuant to 29 U.S.C.A. § 216(b), an action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C.A. § 216(b).

Named Plaintiffs ask the Court to conditionally certify this action as a representative collective action pursuant to 29 U.S.C. 216(b) on behalf of "All current and former cashiers

of Defendant Factor Sales, Inc. who were employed as such in the State of Arizona at any point from January 1, 2007 through the present date." The decision to certify a collective action under the FLSA is within the discretion of the Court. *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 989 (C.D. Cal. 2006). To certify a collective action under the FLSA, the Court must determine whether named Plaintiffs and potential opt-in members are "similarly situated." 29 U.S.C. §216(b). The FLSA does not define the term "similarly situated," and the Ninth Circuit Court of Appeals has not construed it. *Wood v. Trivita, Inc.*, No. CV–08–0765–PHX–SRB, 2009 WL 2046048 at *2 (D. Ariz. Jan. 22, 2009).

Courts have taken at least three different approaches to analyzing the issue: "(1) a two-tiered case-by-case approach, (2) the incorporation of the requirements of Rule 23 of the current Federal Rules of Civil Procedure, or (3) the incorporation of the requirements of the pre-1966 version of Rule 23 for 'spurious' class actions." *Id*. The majority of courts, including this Court, have adopted the two-tiered approach. *See, e.g.*, *Bogor v. Am. Pony Exp., Inc.*, 09-2260-PHX-JAT, 2010 WL 1962465, at *2 (D. Ariz. May 17, 2010). Accordingly, this Court will continue to follow the majority two-tiered approach.

Under the two-tiered approach, during the early stages of litigation, the Court evaluates the case under a lenient standard and may grant conditional certification. *Hipp*, 252 F.3d at 1217. If the Court "'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery." *Id*. at 1218 (citation omitted). The Court then reevaluates, usually prompted by a motion for decertification, the "similarly situated" question at a later stage, once discovery has produced sufficient information regarding the nature of the claims. *Id*. at 1217-18. This determination, under a stricter standard, is based on much more information, which makes a factual determination possible. *Id*. at 1218; *Wood*, 2009 WL 2046048 at *3.

In this case, Plaintiffs only seek conditional class certification because they are still in the discovery phase of litigation and no depositions have taken place. At the early stage,

or the "notice stage," the Court "must determine whether Plaintiffs were 'similarly situated' as required to create an opt-in class under § 216(b)" based on the pleadings and any Declarations that have been submitted. *Hipp*, 252 F.3d at 1217-1218 (citing *Mooney*, 54 F.3d at 1213-14). The Court uses a fairly lenient standard because the Court does not have much evidence at this stage. *Id*. at 1218. "Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Id*. at 1217 (quotation omitted)). "Courts have held that conditional certification requires only that 'plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision.'" *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007) (internal citation omitted).

In this case, Plaintiffs pleadings and declarations support their assertion that the named Plaintiffs and members of the potential collective action group are or were all employed as cashiers at Factor Sales stores in Arizona and that they were all subject to the same policies of requiring reimbursement or being charged for cash shortages, uniforms, and security tags, which had the result of reducing their pay below the minimum wage.

The Court finds the evidence that Plaintiffs have proffered is sufficient at the first, stage of the "similarly situated" analysis. The Court therefore will conditionally certify a collective action under the FLSA.

### IV.  RULE 23 CLASS CERTIFICATION

Plaintiffs also seek class certification pursuant to Federal Rule of Civil Procedure 23 on their state law claims alleging that Defendants violated Arizona Revised Statutes sections 23-363 and 23-350. These claims are also predicated on Plaintiffs' allegation that Defendants failed to pay minimum wage to its cashiers as a result of Defendants charging cashiers for cash till shortages and work-related items.

Federal Rule of Civil Procedure 23 gives this Court broad discretion to determine whether a class should be certified. *Dukes v. Wal-mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007). But the Court should certify a class only after a rigorous analysis of the Rule 23

requirements. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005). The party seeking class certification bears the burden of showing that each of Rule 23(a)'s requirements and at least one of Rule 23(b)'s requirements has been met. Dukes, 509 F.3d at 1176.

Rule 23 has two implicit prerequisites that Plaintiff must satisfy for the Court to grant certification. *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999). First, in order to maintain a class action, the class must be adequately defined and clearly ascertainable. *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); *see also Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, (9th Cir. 2007) ("The district court's failure to analyze the Rule 23(a) factors in determining whether to grant class certification . . . resulted in its certifying a theory with no definable class."). The class cannot be overbroad, amorphous, or vague, but must be susceptible to a precise definition. *Clay*, 188 F.R.D. at 490. A class must be precisely defined so the Court can determine whom will be bound by the judgment. *McHan v. Grandbouche*, 99 F.R.D. 260, 265 (D. Kan. 1983).

Second, the named representative must be a member of the class. *Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962).

Plaintiffs must also prove that their proposed class meets the following four requirements of Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

The focus of the numerosity inquiry is whether joinder of all potential plaintiffs would be impracticable. Fed.R.Civ.P. 23(a)(1). Numerosity requires examination of the facts of each case and does not impose any absolute limitation. *Gen. Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980). While no absolute limits exist, the Supreme Court has suggested that a class of fifteen

1  members is too small to meet the numerosity requirement. *Harik v. California Teachers*
2  *Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003) (citing *Gen. Tel*, 446 U.S. at 330).

3        In this case, there are approximately 200 or more current and former cashiers who
4  are potential members of the proposed class. Accordingly, the numerosity requirement is
5  met.

> The commonality and typicality requirements of FRCP 23(a) "tend to merge," but they "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." "All questions of fact and law need not be common to satisfy the [commonality requirement]. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." The common contention "must be of such a nature that it is capable of classwide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."

*Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1041-1042 (9th Cir. 2012) (internal citations omitted). Further, the Ninth Circuit dovetails the class membership prerequisite with the typicality requirement of Rule 23(a). "Typicality requires that the named plaintiffs be members of the class they represent." *Dukes*, 509 F.3d at 1184.

      In this case, the named Plaintiffs and members of the potential class have all been employed as cashiers of Defendants performing the same basic duties and were subject to the policies at issue in this lawsuit. Plaintiffs contend that, as a result of Defendants' policies, each putative class member had their pay reduced below the minimum wage. Resolving the question of whether Defendants policies had the effect of reducing the wages of class members below the minimum wage would resolve an issue central to the

1 validity of each one of the claims. Further, Plaintiffs' claims are based on the same legal
2 theories and seek the same remedies at the putative class members. Accordingly, the
3 commonality and typicality requirements are met in this case.

4 Finally, the named plaintiffs must fairly and adequately protect the interests of
5 the class. Fed.R.Civ.P. 23(a)(4). "In making this determination, courts must consider
6 two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest
7 with other class members and (2) will the named plaintiffs and their counsel prosecute the
8 action vigorously on behalf of the class?'" *Evon v. Law Offices of Sidney Mickell*, 688
9 F.3d 1015, 1031 (9th Cir. 2012) (internal citation omitted).

10 There is nothing in the Record suggesting that Plaintiffs and their counsel have
11 conflicts of interest with other class members. To date, Plaintiffs and their counsel have
12 prosecuted this action vigorously on behalf of the class and there is nothing to suggest
13 that this vigorous representation will not continue. Accordingly, the representative
14 parties will fairly and adequately protect the interests of the class.

15 As set forth above, Plaintiffs have met the requirements of Federal Rule of Civil
16 Procedure 23(a). To maintain a class action, Plaintiffs must also prove that at least one of
17 the following Rule 23(b) requirements is met: (1) the prosecution of separate actions
18 would create a risk of: (a) inconsistent or varying adjudications or (b) individual
19 adjudications dispositive of the interests of other members not a party to those
20 adjudications; (2) the party opposing the class has acted or refused to act on grounds
21 generally applicable to the class; or (3) the questions of law or fact common to the
22 members of the class predominate over any questions affecting only individual members,
23 and a class action is superior to other available methods for the fair and efficient
24 adjudication of the controversy. Fed. R. Civ. P. 23(b).

25 In this case, Plaintiffs argue that the questions of law or fact common to the
26 members of the class predominate over any questions affecting only individual members,
27 and a class action is superior to other available methods for the fair and efficient
28 adjudication of the controversy.

> "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." This analysis presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2); thus, the presence of commonality alone is not sufficient to fulfill Rule 23(b)(3). In contrast to Rule 23(a)(2), Rule 23(b)(3) focuses on the relationship between the common and individual issues. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Settlement benefits cannot form part of a Rule 23(b)(3) analysis; rather the examination must rest on "legal or factual questions that qualify each class member's case as a genuine controversy, questions that preexist any settlement."

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (internal citations omitted).

Here, a common nucleus of facts and potential legal remedies dominates this litigation. While the putative class members will be entitled to different damages based on the amount below the minimum wage that they were actually paid, these individual issues do not overcome the fact that common questions present a significant aspect of the case and can be resolved on a representative rather than individual basis.

> The superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case. This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution.

*Hanlon*, 150 F.3d at 1023 (internal citation omitted).

In this case, a class action will allow federal and state claims to be brought in this case, which will resolve predominate issues of fact and law in both federal and state law claims. This will avoid piecemeal litigation on predominate issues and will promote fair

1 and efficient adjudication. Further, if any individual wishes to opt out, that individual may do so. As such, it appears that allowing a class action to proceed on the state law claims in this forum is superior to alternatives mechanisms of dispute resolution.

Accordingly, Plaintiff motion for class certification pursuant to Federal Rule of Civil Procedure 23 is granted.

Moreover, the Court has reviewed Counsel's declaration in Support of Plaintiffs' Motion to Certify Conditionally Collective Action and Class Action (Doc. 50-5) and has considered the factors set forth in Federal Rule of Civil Procedure 23(g) in light of Counsel's declaration. Based on this review, the Court appoints Plaintiffs' Counsel as class counsel in this case.

## V.   NOTICE AND DISCLOSURE OF POTENTIAL CLASS MEMBERS

Plaintiffs request that the Court authorize the mailing and posting of their proposed notice to potential members of the collective action and class action and request an Order compelling Defendants to produce the names and last known addresses of such members in order to facilitate the notification process.

The district court has discretion regarding the form and content of the notice. Plaintiffs have submitted a proposed notice (Doc. 50-4). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (citing *Hoffmann–La Roche*, 493 U.S. at 170).

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B),

> **(B)** *For (b)(3) Classes.* For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and

concisely state in plain, easily understood language:

**(i)** the nature of the action;

**(ii)** the definition of the class certified;

**(iii)** the class claims, issues, or defenses;

**(iv)** that a class member may enter an appearance through an attorney if the member so desires;

**(v)** that the court will exclude from the class any member who requests exclusion;

**(vi)** the time and manner for requesting exclusion; and

**(vii)** the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Court has reviewed Plaintiffs' proposed notice (Doc. 50-4) and finds that it meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and provides accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate. Accordingly, Plaintiffs are authorized to mail and post their proposed notice to potential members of the collective action and class action and the Court will order Defendants to produce the names and last known addresses of such members in order to facilitate the notification process.

### VI.   CONCLUSION

**IT IS ORDERED** that Plaintiffs' Unopposed Motion to Certify Conditionally Collective Action and Class Action (Doc. 50) is granted as follows:

**IT IS ORDERED** certifying conditionally a collective action in this matter and permitting the named Plaintiffs and the proposed group of similarly situated individuals to proceed as a collective action pursuant to section 216(b) of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §216(b).

**IT IS FURTHER ORDERED** certifying a class action in this matter and permitting the named Plaintiffs and the putative class of similarly situated individuals to proceed as a class action pursuant to Federal Rule of Civil Procedure Rule 23 with respect to the state law claims;

**IT IS FURTHER ORDERED** that the conditional collective action and class action be certified with respect to the following class:

All current and former cashiers of Defendant Factor Sales, Inc. who were employed as such in the State of Arizona at any point from January 1, 2007 through the present date.

**IT IS FURTHER ORDERED** appointing Plaintiffs' counsel as class counsel under Rule 23(g).

**IT IS FURTHER ORDERED** that, within fourteen days of the entry of this Order, Defendants provide Plaintiffs with the names and last known physical addresses of those individuals in the potential collective action group.

**IT IS FURTHER ORDERED** that Defendants post the notice and the attached forms at Factor Sales stores in Arizona in the form set forth in Exhibit C to Plaintiffs' Motion (Doc. 50-4) and in like manner and place as legally-mandated notices are posted.

**IT IS FURTHER ORDERED** that Plaintiffs mail the notice and attached forms to putative class members of the above-defined class in the form set forth in Exhibit C to Plaintiffs' Motion (Doc. 50-4). If Plaintiffs' counsel deems it necessary to reach putative class members effectively, the notice and attached forms may additionally be translated by a certified translator into Spanish and distributed to putative class members.

**IT IS FURTHER ORDERED** that, consistent with this Court's Amended Rule 16 Scheduling Order, any motion to decertify the FLSA collective and Rule 23 class action shall be filed on or before August 6, 2013. (Doc. 27).

**IT IS FINALLY ORDERED** that, consistent with the Parties' stipulation (Doc. 34) and this Court's Order (Doc. 35), Magistrate Judge Lawrence Anderson shall oversee the procedural and logistical aspects of settling the FLSA collective action/Federal Rule

1  of Civil Procedure 23 state law class action.

2  Dated this 4th day of April, 2013.

James A. Teilborg
Senior United States District Judge