1  LUBIN & ENOCH, P.C.
   Nicholas J. Enoch
2  State Bar No. 016473
   Jarrett J. Haskovec
3  State Bar No. 023926
   349 North Fourth Avenue
4  Phoenix, Arizona 85003-1505
   Telephone: (602) 234-0008
5  Facsimile: (602) 626-3586
   E-mail: nicholas.enoch@azbar.org
6
   Attorneys for Plaintiffs
7
   Georgia A. Staton, Bar #004863
8  Gordon Lewis, Bar #015162
   JONES, SKELTON & HOCHULI, P.L.C.
9  2901 North Central Avenue, Suite 800
   Phoenix, Arizona  85012
10 Telephone:  (602) 263-1700
   Fax:  (602) 200-7854
11 gstaton@jshfirm.com
   glewis@jshfirm.com
12
   Attorneys for Defendants Victor M. and
13 Carmen Salcido and Factor Sales, Inc.

14
                    **UNITED STATES DISTRICT COURT**
15
                        **DISTRICT OF ARIZONA**
16

17 | Jose Pablo Rodriguez Juvera; Kenia V. Nunez; | NO. CV 11-02119-PHX-JAT |
   | Ricardo Aguiar Romero; Yesenia Vazquez | |
18 | DeLabra; and a class of others similarly | **STIPULATION OF SETTLEMENT** |
   | situated, | **AND PARTIES' JOINT MOTION** |
19 | | **FOR COURT APPROVAL OF** |
   |                                   Plaintiffs, | **SAME** |
20 | | |
   |           v. | |
21 | | |
   | Victor M. and Carmen Salcido, husband and | |
22 | wife; and Factor Sales, Inc., an Arizona | |
   | corporation, | |
23 | | |
   |                                   Defendants. | |
24

25        Plaintiffs   Jose Pablo Rodriguez Juvera, Kenia V. Nunez, Ricardo Aguiar

26 Romero and Yesenia Vazquez DeLabra (collectively "the Named Plaintiffs"), on behalf of

27 themselves and on behalf of the Settlement Class defined herein, and Defendants, Victor

28
   3202120.1
   5/22/13

1    Salcido, Carmen Salcido and Factor Sales, Inc., (hereinafter collectively referred to as
2    "Defendants"), by and through their respective counsel, hereby submit the following
3    Stipulation of Settlement ("Stipulation" or "Agreement") and request that the Honorable
4    Lawrence O. Anderson approve the same as contemplated in the Court's Order dated
5    November 13, 2012.  *See* doc. 35.

6                                                    **I.**

7                                              **RECITALS**

8            1.      The Named Plaintiffs filed a lawsuit in the United States District
9    Court for the District of Arizona, Juvera, et al. v. Salcido, et al., Case No. CV 11-02119-
10   PHX-JAT (the "Lawsuit"), asserting claims under the Fair Labor Standards Act ("FLSA")
11   and the Arizona Minimum Wage Act, on behalf of themselves and others similarly
12   situated.

13           2.      The Named Plaintiffs are represented in this action by Nicholas J.
14   Enoch and Jarrett J. Haskovec of Lubin & Enoch, who are experienced in litigation of
15   FLSA claims.  Defendants are represented in this action by Georgia A. Staton and Gordon
16   Lewis of Jones, Skelton & Hochuli, who are also experienced in litigation of FLSA
17   claims.

18           3.      The Named Plaintiffs are or were, at least for some periods of time,
19   employed by Defendant Factor Sales Inc. as cashiers in Defendants' retail grocery stores.
20   They claim that they are owed minimum wages based on reimbursements of employer
21   expenses.

22           4.      Defendants deny any and all liability under the Lawsuit.

23           5.      The Named Plaintiffs and Defendants participated in voluntary
24   mediation before Judge Anderson on January 31, 2013.

25           6.      The parties to this Agreement desire to resolve the Lawsuit without
26   the burdens, expense, and uncertainty of litigation, or any admission of liability or fault.

27           NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by
28   and between the Parties as follows:

                                                    2

3202120.1
5/22/13

## II.

## DEFINITIONS

1.      The "Settlement Class" means all of those persons identified in Exhibit A to this Agreement.

2.      A "Settlement Class Member" ("SCM") means any member of the Settlement Class, including representatives, successors and assigns.

3.      The "Class Period" is January 1, 2007 through and including October 31, 2011.

4.      "Class Counsel" means Nicholas J. Enoch and Jarrett J. Haskovec of Lubin & Enoch, P.C.

5.      The "Bar Date" is the date established by the Court by which any SCM who wishes be excluded from the class must file his/her request to be excluded from the class ("OPT-OUT"). The Bar Date shall be one hundred and twenty (120) days after the Class Notice (defined below) is first sent to the Settlement Class.  The Class Notice was first sent to the Settlement Class at their last known address on May 10, 2013.

6.      "Class Notice" means the notice in the form attached hereto as Exhibit B (Notice by Mail) and includes such other summary notice(s) to be published in newspapers serving the area.

7.      The "Effective Date" means the date upon which a judgment entered by the Court approving the Stipulation of Settlement becomes final.

8.      An "Opt-Out" is any potential SCM who files a timely request for exclusion as specified in Paragraph 33.

3

### III.

### **TERMS AND EFFECT OF STIPULATION OF SETTLEMENT**

9.       This Stipulation of Settlement is for settlement purposes only, and neither the fact of, nor any provision contained in this Stipulation of Settlement or its exhibits, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by the Plaintiffs or SCMs in this action or in any other pending action of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or admission by Defendants of any claim or allegation made in this action or in any other action, nor as an admission by the Plaintiffs, SCMs or Class Counsel of the validity of any fact or defense asserted against them in this action or in any other action. Defendants deny all allegations of wrongdoing and deny any liability to Plaintiffs or to any other Class Members. The Parties have agreed that, in order to avoid long and costly litigation, this controversy should be settled pursuant to the terms of this settlement, subject to the approval of the Court.

10.       The Defendants have provided to class counsel the last known address(es) of all SCMs.

11.       On or about the Effective Date, the Parties will submit any further, necessary papers to dismiss Case No. CV 11-02119-PHX-JAT in the United States District Court for the District of Arizona.

12.       The Parties agree, solely for the purpose of this settlement and its implementation, that the action shall proceed as a class action, with the Settlement Class as defined in Paragraph 1, and that attorneys for the Settlement Class are Class Counsel as defined in Paragraph 4; but if such settlement fails to be approved or otherwise fails to be consummated, then this Stipulation of Settlement is hereby withdrawn.

3202120.1
5/22/13

13.    SCMs who comply with the requirements set forth in this Stipulation of Settlement will be paid the specified settlement sums set forth in Exhibit A to this Stipulation.

14.    This Stipulation of Settlement, as of the Effective Date, resolves in full all claims against the Released Persons by the Named Plaintiffs and all of the SCMs, involving alleged violations of the minimum wage provision of the Fair Labor Standards Act, the Arizona Minimum Wage Act, or any other federal, state or local law, regulation, duty or obligation which are based upon, or could be based upon, or arise from the facts alleged in the complaint for damages filed in Case No. CV 11-02119-PHX-JAT in the United States District Court, for the District of Arizona. When the Stipulation of Settlement is final, as of the Effective Date, all SCMs and the Named Plaintiffs hereby release all such claims.

15.    The Parties agree that the Court, by preliminarily approving the Stipulation of Settlement, will be certifying the Settlement Class as defined in Paragraph 14 as the Settlement Class, subject to final approval of the settlement at the Fairness Hearing, if deemed necessary by Judge Anderson, and that the Court shall retain exclusive and continuing jurisdiction of the action, Parties, and SCMs, to interpret and enforce the terms, conditions and obligations under this agreement.

16.    This is a full and final Release applying to all unknown and unanticipated injuries, or damages arising out of the events described in the Complaint in Case No. CV 11-02119-PHX-JAT filed in the United States District Court for the District of Arizona.

17.    As the effective date of this Stipulation of Settlement, the SCMs, including the named Plaintiffs, hereby waive any and all rights to pursue, initiate, prosecute or commence any action or proceeding before any court, an administrative agency or other tribunal, or to file any complaint with regard to any claim for failure to

5

pay minimum wages due under the Fair Labor Standards Act and the Arizona Minimum Wage Act that preceded the effective date of the Stipulation of Settlement.

18.    This Stipulation of Settlement contains all of the terms and conditions agreed upon by the Parties hereto regarding the subject matter of the instant proceeding, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein, except as expressly provided herein.

19.    Each SCM shall be deemed to have submitted to the jurisdiction of the Court.

20.    No Opt-Out shall share in any monetary benefits provided by this Stipulation of Settlement.

21.    This Agreement is subject to and conditioned upon the final approval of this Stipulation of Settlement and the issuance of the final order and judgment of dismissal, by the United States District Court, District of Arizona, providing the below-specified relief, which relief shall be pursuant to the terms and conditions of this Stipulation of Settlement and the Parties' performance of their continuing obligations hereunder.  Such final order and judgment shall:

a.    Dismiss with prejudice all complaints in the action as to the Released Persons;

b.    Order that all SCMs are enjoined from asserting against any Released Person any and all claims that the SCMs have, had, or may have in the future arising out of the facts alleged in the Complaint;

c.    Release each Released Person from the claims that any SCM has, had or may have in the future, against such Released Person arising out of the facts alleged in

6

the Complaint;

d.     Determine that this Stipulation of Settlement is entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Class; and

e.     Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Stipulation of Settlement, including Defendants and all SCMs, to administer, supervise, construe and enforce the Stipulation of Settlement in accordance with the terms for the mutual benefit of all the Parties.

22.     The Parties will take all necessary and appropriate steps to obtain preliminary approval of the Stipulation of Settlement, final approval of the settlement, and dismissal of the action with prejudice. If the Court rejects this Stipulation of Settlement, and if there is an interlocutory appeal from such decision, the Defendants will not oppose Plaintiffs' efforts to defend the Stipulation of Settlement.

**IV.**

**RESOLUTION AND PAYMENT OF CLAIMS FOR DAMAGES**

23.     The Parties have agreed that certain sums will be paid by or on behalf of the Defendants to resolve all claims of all SCMs as described in Paragraph 1, and that the total of all such sums shall not exceed one hundred fifty seven thousand dollars ($157,000), inclusive of payments to the Named Plaintiffs but excluding the fees and costs of Class Counsel and excluding the cost of administration of this Stipulation of Settlement.

24.     Class Counsel and the SCMs, by and through the Named Plaintiffs, have determined that the distribution of the sum described in Paragraph 23 as set forth in Exhibit A, is appropriate, in which determination the Released Persons acquiesce.

25.     For the damages spreadsheet we took each individual that appeared on any of the prior damages spreadsheets, and aggregated the total minimum wage underpayment for each individual.  We then took the $157,000 settlement amount, subtracted the designated amounts that were to be provided to the named Plaintiffs, and

7

divided that figure by the minimum wage underpayment for all class members except for the named Plaintiffs. This yields a figure of 2.484617448. Each individual's minimum wage underpayment was multiplied by the 2.484617448 figure to arrive at the settlement amount for each listed individual.

26.    In other words, under this settlement, each SCM will receive nearly two-and-one half times what he or she was allegedly underpaid in minimum wage. The FLSA essentially allows double damages going back two or three years, depending on willfulness, while the Arizona Minimum Wage Act allows treble damages over the same period of time and further allows damages further back if there is a showing of a "continuous course of employer conduct." *See* A.R.S. §23-364(H). Moreover, the FLSA requires that employees earn a minimum wage "free and clear" of employer-imposed charges and deductions, such as deductions for cash errors, till shortages and uniforms. There was a dispute among the parties as to whether the Arizona Minimum Wage Act would be construed and applied in a manner identical to the federal law, given slight differences in language and the present dearth of case law interpreting the state law. Accordingly, the parties agreed to compromise as set forth herein, providing that the SCMs receive roughly two-and-one-half times the wage under payments (more than the FLSA allows) all the way back to January 1, 2007, again, more than allowed under the FLSA.

27.    Within 30 days of preliminary approval by the United States District Court of the terms of this Stipulation of Settlement, Defendants will certify that they have sufficient funds available to them or on deposit to satisfy fully the terms of this Stipulation of Settlement.

28.    No payment shall be made to eligible SCMs before the Effective Date. Claims may be processed between the date of preliminary Court approval and the Effective Date.

3202120.1
5/22/13

29.    No payment shall be paid to Class Counsel for fees and costs before the Effective Date.

30.    The following payments shall be made to the Named Plaintiffs, care of Class Counsel, within thirty (30) days of the Effective Date:

| | |
|---|---|
| Juan Pablo Rodriguez Juvera | $114.45 |
| Kenia Nunez | $2,502.03 |
| Ricardo Aguiar Romero | $452.56 |
| Yesenia Vazquez DeLabra | $637.89 |

31.    If the total amount of payments to the SCMs does not exceed one hundred fifty seven thousand dollars ($157,000), the difference between the total value of all claims and one hundred fifty seven thousand dollars ($157,000) shall not be paid pursuant to this Stipulation of Settlement.

32.    Defendants shall be responsible for distributing any and all settlement funds.  Defendants will include settlement checks with the regular paycheck for SCMs who are currently employed by Defendants, and will mail the check to the last known address of SCMs who are not currently employed by Defendants.  Defendants shall provide to class counsel copies of all settlement checks and a certificate of mailing or certificate of delivery for all settlement checks for all SCM's who do not opt-out of the conditions of this agreement Stipulation of Settlement.

## VII.
## EXCLUSION FROM THE SETTLEMENT CLASS

33.    Any potential SCM who wishes to be excluded from the Settlement Classes described in Paragraph 8 must file a Request for Exclusion (Opt-Out) with the Clerk of the Court, on or before the Bar Date or as the Court may otherwise direct. The Named Plaintiffs may not request exclusion pursuant to this paragraph. Any potential SCM who does not timely file a Request for Exclusion shall conclusively be deemed to

9

have become an SCM and to be bound by this Stipulation of Settlement and by all subsequent proceedings, orders, and judgments herein.  Because the parties agreed to resolve this matter through Rule 23 class action procedures, and for ease of administration, the parties will not be utilizing the Opt-In Consent Forms approved by the Court on April 4, 2013 (doc.52).

34.    Any SCM who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. SCMs who do not enter an appearance will be represented by Class Counsel.

35.    The Defendants may, in their sole discretion withdraw from the Stipulation of Settlement if the number of Opt-Outs exceeds sixty (60).  The Defendants will advise the Court of its election no less than fifteen (15) days after receipt of notice of the number of opt outs following the Bar date.  If the Defendants withdraws pursuant to this provision of this Stipulation of Settlement, the Stipulation of Settlement will be null and void.

**VIII**

**OBJECTING TO THE PROPOSED SETTLEMENT**

36.    Any SCM who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed settlement. The Court will enter an appropriate order setting forth the procedure for SCMs to submit comments or objections to the proposed settlement.

**IX.**

**ATTORNEYS' FEES AND COSTS**

37.    The parties agree that the Plaintiffs are eligible for, and are statutorily entitled to, their reasonable attorneys' fees and   court costs and costs of litigation pursuant to 29 U.S.C. §216(b), and A.R.S. §23-364(G).

10

3202120.1
5/22/13

38.     Within Sixty (60) days after the Effective Date of this Agreement Plaintiffs shall file: (A) a bill of costs pursuant to LR Civ 54.1; and (B) an application for an award of attorneys' fees and related non-taxable expenses, and a memorandum in support thereof, pursuant to LR Civ 54.2.

39.     Defendants reserve the right to contest the filings referenced in Paragraph 35.  Defendants, however, waive the right to assert that in settling this lawsuit, the Plaintiffs were not the "successful" and/or "prevailing" party in this litigation.

40.     Absent an intervening agreement as to attorneys' fees and costs, the Application referenced in Paragraph 38 will be presented to, and decided by Judge Anderson as contemplated in the Court's Order dated November 13, 2012.  *See* doc. 35..

41.     The parties expressly reserve their right to appeal any decision relating to the award of attorneys' fees and costs by the Court in this matter.

## X.
## NOTICE

42.     Notice to SCMs defined in Paragraph 6, shall be by first class mail, to all SCMs whose addresses are on record with Defendants or to such other, better addresses identified by the Class Counsel.  Both Parties will exercise their best efforts to update and to verify addresses of SCMs. This paragraph shall not limit further appropriate efforts to provide notice.

43.     Defendants shall also cause a summary notice in English and Spanish to be published in the Yuma Sun and Baja El Sol Newspapers in Yuma County, Arizona once per week in each of three consecutive weeks, in a form and manner agreed to by the Parties, describing this settlement and the procedure to object and/or to Opt-Out of the settlement. If the Parties cannot agree on the wording of the summary notice, Judge Anderson will determine the content of the summary notice to be published.

11

1       RESPECTFULLY SUBMITTED this 22nd day of May, 2013.

2                                   LUBIN & ENOCH, P.C.

3

4                                   By  /s/  Nicholas J. Enoch
                                         Nicholas J. Enoch
5                                        Jarrett J. Haskovec
                                         349 North Fourth Avenue
6                                        Phoenix, AZ  85003-1505
                                         Attorneys for Plaintiffs
7
                                    JONES, SKELTON & HOCHULI, P.L.C.
8

9
                                    By  /s/  Gordon Lewis
10                                       Georgia A. Staton
                                         Gordon Lewis
11                                       2901 North Central Avenue, Suite 800
                                         Phoenix, Arizona  85012
12                                       Attorneys for Defendants Victor M. and
                                         Carmen Salcido and Factor Sales, Inc.
13

14   ORIGINAL electronically filed
     this 22nd day of May, 2013.
15

16   COPY mailed/e-mailed
     this 22nd day of May, 2013, to:
17
     Hon. James A. Teilborg
18   United States District Court
     Sandra Day O'Connor U.S. Courthouse
19   401 West Washington Street, SPC 51
     Suite 523
20   Phoenix, AZ  85003-2154
     602-322-7560
21
     Nicholas J. Enoch, Esq.
22   Jarrett J. Haskovec, Esq.
     LUBIN & ENOCH, P.C.
23   349 North Fourth Avenue
     Phoenix, AZ  85003-1505
24   Attorneys for Plaintiffs
     602-234-0008
25   FAX:  602-626-3586
     E-mail:  nicholas.enoch@azbar.org
26

27     /s/  Shea Morris

28
                                         12

     3202120.1
     5/22/13